108 F.3d 1370
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
PACWEST, LTD.; PacWest AP, Ltd.,
Plaintiffs-Counter-Defendants-Appellants,
v.
RESOLUTION TRUST CORPORATION, as conservator for Great
American Federal Savings Association and Great
American Development Company,
Defendant-Counter-Claimant-Appellee.
 No. 96-7860.
 United States Court of Appeals, Second Circuit.
 March 21, 1997.
 
 Alan M. Gelb, Fischbein, Badillo, Wagner & Harding (Jonathan Young, Mark J. Catalano, on the brief), New York, NY., Maria Beatrice Valdez, Federal Deposit Insurance Corporation (Ann S. DuRoss, Assistant General Counsel; Colleen B. Bombardier, Senior Counsel), Washington, DC., for Defendant-Counter-Claimant-Appellee.
 Present: JACOBS, LEVAL, and CABRANES, Circuit Judges.
 SCHWARTZ, J.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York, and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED substantially for the reasons stated in Judge Schwartz's Opinion and Order dated June 11, 1996.
 
 
 3
 The factual background is largely documentary, and is lucidly laid out in the district court opinion.
 
 
 4
 It is clear what the sum of money at issue represents: the difference between the value of the mortgage and the value of the property. That difference is precisely $1,691,916--the exact amount of the Avanti credit. It is therefore apparent in light of the chronology of events that the accounting error consisted of the writedown of the Avanti asset's conversion from a loan to a real-estate-owned property ("REO"). In fact, it may not represent an accounting error at all, but rather a perfectly sound accounting of the difference.
 
 
 5
 The point, however, is that the recordation of that sum in the Settlement Statement is a scrivener's error, for the reason that the only entries contemplated by the parties were those enumerated in § 8.1(d) of the purchase agreement. Section 8.1(d) provided that the initial purchase price could be reduced by three types of criteria:
 
 
 6
 any (i) principal payments or prepayments on the Non-Affiliate Mortgage Loans of any kind or character including proceeds from compromises and settlements ... received after the Pricing Date, (ii) net proceeds of the sale of any Mortgage Loan or the sale or condemnation of any Real Property or hazard insurance proceeds not applied to restore the Real Property received after the Pricing Date, and (iii) regular scheduled payments in respect of interest on the Mortgage Loans attributable to periods commencing on or after the Cut-Off Date.
 
 
 7
 [emphasis added]. Notwithstanding PacWest's arguments, such entries are necessarily in respect of a mortgage. The asset at issue here, however, was designated as an REO in both the agreement and in all of the bidding materials--there was no mortgage involved at any relevant time.
 
 
 8
 Therefore, the recordation of the accounting entry on the Settlement Statement is a scrivener's error. Indeed, it is not even necessary to rely on the evident fact that $1,691,916 represents the writedown, because any entry in respect of this asset--which is real estate and not a mortgage--is inconsistent with the parties' obligations under the Purchase Agreement, and is therefore erroneous.
 
 
 9
 Finally, PacWest argues that a dispute over $57,000 was resolved by a supposed compromise in which both parties agreed to accept the bottom line of the Settlement Statement. The district court's factual finding that no such understanding arose was not clearly erroneous; we therefore accept the district court's finding.
 
 
 10
 We have examined all of PacWest's contentions, and find them to be without merit. The judgment of the district court is therefore AFFIRMED.